IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                                  Civil No. 05-4082

YVONNE WILLIAM PARKER and
NORA SUE PARKER,
    Defendants.

## DECREE OF FORECLOSURE

Now on this 26th day of June, 2006, this case comes on to be heard, and the Court being advised in the premises, finds:

1.    That the Court has jurisdiction of the parties and subject matter herein.

2.    That the Plaintiff filed its Complaint against the Defendants on November 22, 2005.

3.    That the Defendant Yvonne William Parker was served with summons and a copy of complaint by certified mail on or about November 30, 2005.

4.    That the Defendant Nora Sue Parker was served with summons and a copy of complaint by certified mail on or about November 30, 2005.

5.    That the default of Defendants was entered by the Clerk on January 5, 2006, pursuant to Rule 55(a), Federal Rules of Civil Procedure.

6.    That, for good and valuable consideration and to obtain loan assistance from the United States of America, acting through the Farm Service Agency, Yvonne William Parker and Nora Sue Parker, executed and delivered to the United States of America, a Promissory Note setting forth the terms and conditions as set forth below:

| Loan Type | Date of Note | Principal Amount | Interest Rate | Terms |
|---|---|---|---|---|
| EE-I-29-04 | July 25, 1979 | $40,500.00 | 9.0% | 41 annual installments: 1 in the amount of $1,718.00 and 40 in the amount of $3,765.00, beginning January 1, 1980. |

7. That the Plaintiff is the legal holder of this note.

8. That for the purpose of securing payment of the indebtedness evidenced by said Note, Defendants executed, acknowledged in the manner required by law, and delivered to the United States of America certain Real Estate Mortgages for Arkansas, being more particularly described hereinafter as follows:

| Date of Mortgage | Date of Filing | Filing Information |
|---|---|---|
| July 17, 1973 | July 17, 1973 | Filed in the real estate records in the Office of the Circuit Clerk of Howard County, Arkansas in Book 157, at Page 320. |
| May 23, 1977 | May 23, 1977 | Filed in the real estate records in the Office of the Circuit Clerk of Howard County, Arkansas in Book 181, at page 507. |
| July 25, 1979 | July 25, 1979 | Filed in the real estate records in the Office of the Circuit Clerk of Howard County, Arkansas in Book 195, at Page 547. |
| August 14, 1989 | August 14, 1989 | Filed in the real estate records in the Office of the Circuit Clerk of Howard County, Arkansas in Book 266, at Page 143. |

Said Mortgages encumber certain real property described therein and situated in Howard County, Arkansas, together with rents and revenue therefrom, improvements and personal property attached thereto or reasonably necessary to the use thereof, and more particularly described below:

> Tract 1: A part of the SE¼ of the NE¼ of Section 36, Township 6 South, Range 29 West of the Fifth Principal Meridian, Howard County, Arkansas, being more particularly described as follows: Beginning at the Northeast corner of the said SE¼ of the NE¼ of Section 36, and run West to the West side of the county public road (the intersection of the county road with the North line of said SE¼ of the NE¼, being the point of beginning of the land to be described), thence following the said road in a Southerly direction 165 feet, thence West 264 feet, thence North 165 feet, thence East 264 feet to the point of beginning.

Tract 2: The South 561 feet of the East ¾ of the NE¼ of the NE¼ of Section 36, Township 6 South, Range 29 West;

LESS AND EXCEPT the following described tract: Commencing at the Southeast corner of the NE¼ of the NE¼ of Section 36, thence run West on the South line of the NE¼ of the NE¼ to West right of way line of Highway No. 4 for point of beginning, thence continue West on South line of said NE¼ of the NE¼ 264 feet, thence North 165 feet, thence East to West right of way of Highway No. 4, thence Southeasterly on West right of way to the point of beginning;

ALSO, the North ⅛ of the SE¼ of the NE¼ of Section 36,

LESS AND EXCEPT the following, Beginning at the Northeast corner of said SE¼ of the NE¼ of Section 36, and run West to the West side of Highway No. 4 (the intersection of Highway No. 4 with the north line of said SE¼ of the NE¼ being the point of beginning of the land to be described), thence following the said road in a Southerly direction 165 feet, thence West 264 feet, thence Northerly 165 feet, thence East 264 feet to the point of beginning; all in Township 6 South, Range 29 West of the Fifth Principal Meridian, Howard County, Arkansas.

9. That the Plaintiff is the legal holder of this mortgage.

10. That, the described Real Estate Mortgages constitute a good and valid priority mortgage lien on the real estate described therein and situated in Howard County, Arkansas.

11. That, the certain real property described in the Real Estate Mortgages set forth in Paragraph 8 above is subject to a Subordination by the Government dated June 12, 1989, and executed by Richard J. Johnson, County Supervisor. The subordination was in favor of Farm Credit Bank of St. Louis, now known as Farm Credit Services of Western Arkansas, agent for AgriBank, FCB, successor in interest to Farm Credit Bank, subordinating the Mortgages dated July 17, 1973, May 23, 1977 and July 25, 1979, respectively.

12. That the relief now granted to the Plaintiff is not different as to type or material amount from that sought in its Complaint.

13. That the time for the Defendants to otherwise plead has now expired and they have failed to appear or plead to the Complaint; they are not infants, or incompetent persons, or in the active military service of the United States, and they are in default.

IT IS, THEREFORE, ORDERED AND DECREED:

That the Plaintiff, United States of America, have and recover judgment <u>in</u> <u>rem</u> against the property and not <u>in</u> <u>personam</u> against the Defendants in the amount of $56,834.13, plus interest accruing at a rate $8.4113 per day from June 27, 2005, to date of judgment, together with interest at the legal rate of 5.24% percent per annum pursuant to 28 U.S.C. §1961(a) from the date of this judgment until paid.

That the prayer of the Plaintiff, United States of America, for a Decree of Foreclosure should be, and is hereby, granted.

IT IS FURTHER ORDERED, that if the judgment of the Plaintiff is not paid within ten days from this date, then Richard J. O'Connell, United States Marshal for the Western District of Arkansas shall advertise the time, place and terms of judicial sale according to law and this decree, at least once weekly for four weeks prior to sale in a newspaper having a general circulation in Howard County, Arkansas, and he shall sell at public outcry, to the highest qualified bidder, at the main door of the Howard County Courthouse in Nashville, Arkansas, on a credit of three months, the property above described. The proceeds of this judicial sale shall be applied, in the manner provided by law, to the judgment of the Plaintiff.

The purchaser at the Marshal's sale shall give bond with approved security to secure payment of the purchase price, and a lien shall be retained on the property to secure payment thereof. If the Plaintiff purchases the property for an amount not in excess of its judgment and costs, which are

hereby granted, it may credit the amount of its bid, less all court costs, upon its judgment and need not give bond to secure the purchase price.

IT IS FURTHER ORDERED, that upon judicial sale of this property, and confirmation thereof by this Court, then all right, title and interest of all parties in and to said property, including any rights or possibility of curtesy, dower, homestead, appraisement and redemption are forever barred and FORECLOSED. Should the sale bring proceeds or credits in excess of the Plaintiff's claim and costs, the Court will determine the rightful owner thereof.

JURISDICTION of this case is retained.

/s/ Harry F. Barnes
HONORABLE HARRY F. BARNES
UNITED STATES DISTRICT JUDGE